**23SD-CC00059**

IN THE CIRCUIT COURT OF STODDARD COUNTY
STATE OF MISSOURI

| | |
|---|---|
| BROWN CONSTRUCTION ) | |
| COMPANY, INC.           ) | |
|     Plaintiff(s),  ) | Cause No. |
|     )  | |
| v.  ) | |
|     ) | |
| OHLSON LAVOIE COLLABORATIVE  ) | |
|     Defendant(s).  ) | |

**Please Serve Registered Agent:**
Donaldo H. Visani
400 Santa Fe Dr.
Denver, Colorado 80204

### PETITION

COMES NOW Plaintiff Brown Construction Company, Inc. (hereinafter "BCC"), by undersigned counsel, and for its Petition against Defendant Ohlson Lavoie Collaborative (hereinafter "OLC"), states as follows:

### Factual Allegations Common to All Counts

1. BCC, is a corporation in good standard under Missouri with its principal place of business in Dexter, Missouri, and at all times pertinent hereto, was in the construction business.

2. Defendant OLC, is a Colorado corporation with its principal place of business in Denver, Colorado, and was at all times pertinent hereto, was in the architecture business.

3. SFMC contracted with BCC on February 16, 2015 to build a medical facility located in Dexter, Missouri. The contract between SFMC and BCC, AIA Document A102 – 2007,



1

and AIA Document A201-2007 "General Conditions of the Contract for Construction" are attached as Exhibit 1 and hereafter referred to as the "BCC/SFMC Contract."

4.  On or about January 26, 2014, SFMC also entered into a contract with OLC to provide architectural services and design and contract administration for the construction of SFMC's facility in Dexter.  The terms of this contract AIA Document B141-1997, and AIA Document B141 "Standard Form of Architect's Services: Design and Contract Administration" are attached hereto as Exhibit2. This contract is hereafter referred to as the "SFMC/OLC Contract."

5.  On, or about, April 13, 2023 SFMC initiated arbitration proceedings against BCC with the American Arbitration Association ("AAA").  The arbitration proceedings center on allegations of water penetration through the exterior walls of the medical facility located in Dexter and alleges damages for costs of repair in the amount of $1,600,000 or more.

6.  Under the terms and provisions of the SFMC/OLC contract documents, OLC was under a duty design the medical facility within industry standards, including among other things, to design exterior walls/and wall attachments so as to prevent water intrusion into the facility, and to administer the contract and to ensure that BCC and subcontractors complied with the drawings, plans and specifications that OLC prepared.

7. BCC substantially completed the medical facility in in November of 2016 and water penetration through the facility's facade, as alleged in SFMC's demand for arbitration to BCC, was first noted in 2018.

8. BCC preformed all work on the medical facility in conformity with OLC drawings, plans and specifications, including but not limited to, the construction of the facility's exterior walls and wall attachments.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over OLC pursuant to the RSMo. § 506.500 in that OLC: (a) transacted business in the state of Missouri by providing drawings, plans, and specifications for the purpose of constructing a medical facility for SFMC in Dexter, Missouri, and by providing contact administration services for the construction of the same medical facility; (2) made a contract in the state of Missouri.

10. Venue is proper in Stoddard County under RSMo. §508.010 in that BCC resides in Stoddard County and OLC is a Colorado corporation. Moreover, OLC's obligations under the SFMC/OLC Contract involved architectural and construction services for a medical facility located in Stoddard County.

## COUNT I: COMMON LAW INDEMNIFICATION

11. BCC adopts, realleges and incorporates by reference the allegations contained in paragraphs 1 through 10 above, as though the same were fully set forth herein as paragraph 11.

12. BCC denies, and continues to deny, SFMC's allegations that it bears any liability for the defective building design and any subsequent damages.

13. However, in the event that Defendant BCC is found liable to SFMC in the arbitration proceedings for any portion of its claimed damages, then BCC contends that such damages, if any, were not caused by BCC but rather were solely caused by the acts,

3

omissions, breach of contract and/or negligence of Defendant OLC, in one, or more, of the following respects:

    a. Defendant OLC provided plans, drawings, and specifications that permitted water penetration through the medical facility's façade;

    b. Pleadings hypothetically and in the alternative, Defendant OLC failed to instruct BCC and subcontractors that construction materials and/or techniques did not comply with OLC's drawings, plans and specifications for the proper construction of the building;

    c. Defendant OLC failed to instruct BCC and subcontractors correct defects in the plans, drawings, and specifications concerning the means, materials and methods for construction of the medical facility's exterior walls;

    d. Defendant OLC failed to provide plans, drawings, and specifications for the proper construction of the building in a good and professional like manner and/or in an ordinarily careful manner; and

    e. OLC failed to instruct BCC and its subcontractors that changes and revisions to wall exteriors and wall attachments were necessary in order to prevent water incursions into the medical facility.

14. Accordingly, to the extent that Defendant BCC is found liable to SFMC for any portion of its claimed damages, then Defendant BCC is entitled to judgment for full and complete indemnity from Defendant OLC, for all damages assessed against it in this matter.

WHEREFORE, Defendant Brown Construction Company respectfully requests that, should BCC be held liable to SFMC in the arbitration proceedings, this Court enter judgment in favor of BCC and against OLC in the full amount of such judgment or award in the arbitration proceedings under principles of common law indemnity, and such further relief this Court deems just and proper.

## COUNT II: CONTRIBUTION

15. Defendant BCC adopts, realleges and incorporates by reference the allegations in paragraphs 1 through 14 above as though the same were fully set forth herein as paragraph 15.

16. Defendant denies, and continues to deny, the allegations made by Plaintiff including that it bears any liability for defective building design, defective construction, and resulting damages.

17. However, in the event that Defendant BCC is found liable to Plaintiff for any portion of its claimed damages, then Defendant BCC contends that such damages, if any, were solely caused by the acts, omissions, and/or negligence of Defendant OLC, in one, or more, of the following respects:

   a. Defendant OLC provided plans, drawings, and specifications that permitted water penetration through the medical facility's façade;

   b. Pleadings hypothetically and in the alternative, Defendant OLC failed to instruct BCC and subcontractors that construction materials and/or techniques did not comply with OLC's drawings, plans and specifications for the proper construction of the building;

Electronically Filed - STODDARD - July 05, 2023 - 04:14 PM

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

*/s/ David A. Boresi*
DAVID A. BORESI                    #33454
231 S. Bemiston Ave., Suite 1200
St. Louis, Missouri 63105
(314) 455-8300
(314) 455-8301 (fax)
dboresi@fsmlawfirm.com

*ATTORNEYS FOR PLAINTIFF*
*BROWN CONSTRUCTION COMPANY*